XtrouiN, Judge,
 

 delivered the opinion of the Court:
 

 The question made in this case does not seem, to arise upon the facts stated, for it seems clear that the possession of
 
 Bobson and Hyatt
 
 from 1800, to July 1809, under the deed from
 
 Welch
 
 to
 
 Bobson
 
 and that from
 
 Bobson
 
 to
 
 Hyatt,
 
 (both of them during the whole period claiming the whole) forms a perfect title in Hyatt under the statute of limitations. It therefore is unnecessary to say? whether upon a demise of the whole tract laid in the declaration, the Plaintiff could recover an undivided parí ? because in this case, the title of
 
 Hyatt
 
 under whom the lessor of the Plaintiff claims, appears to extend to the whole tract. For the same reason, we decline saying any thing about the operation of the deeds to
 
 Joseph Welch, Jr.
 
 from his brothers, executed after that from him to Bobson, which have been spoken of.
 

 
 *341
 
 Then as to another point, made at the bar, though not stated in the case; whether the recognisance entered into by
 
 Hyatt,
 
 so far binds the land owned by him at the time of acknowledging the recognizance, as to give that debt a preference to subsequent judgments under which the binds may be first sold ? Without adverting to the reasons of policy which should form the law on this subject, it is sufficient for us to know, that it has always been thought certain, that recognizances do bind as contended, for by the Plaintiff, (1
 
 Hayw. Rep.
 
 100.) The recognizance creates an express, original, and specific
 
 lien,
 
 which attaches to the lands then owned by the conusor $ and if the lands be afterwards conveyed, they pass
 
 cum onere.
 
 It follows from these considerations that the rule for a new trial must be discharged.